MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Criminal Chief

DENISE MARIE BARTON (MABN 634052)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7359
    Facsimile: (415) 436-7234
    E-mail:   denise.barton@usdoj.gov

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NGOC DUONG, ) <br>   a/k/a Danny Duong, and ) <br> HONG LEE WONG, ) <br>   a/k/a William Wong, ) <br> ) <br> Defendants. ) <br> ) <br> _____ ) | CR No. 12-0578 SI <br><br> **STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE: DISCOVERY OF FINANCIAL AND PERSONAL IDENTITY INFORMATION** |

This case involves allegations that the Defendants committed wire fraud, in violation of 18 U.S.C. § 1343, conspired to commit wire fraud, in violation of 18 U.S.C. § 1349, and committed aggravated identity theft using personal information of others in connection with the charged counts of wire fraud and conspiracy to commit wire fraud, all in violation of 18 U.S.C. § 1028A.

There will be discovery in this case, including financial institution records and other records and documents with personal identifying information of the defendants and others, including but not limited to: (1) Social Security numbers; (2) bank account numbers; (3) tax

information; and (4) personal identity information (including, for example, names, dates of birth, home addresses, and driver's license numbers) (hereinafter referred to as "Confidential Information").

Because of the amount of discovery, including discovery containing Confidential Information, that will be produced in this case, and pursuant to Federal Rule of Criminal Procedure 16(d), the parties stipulate that all prior and future disclosure of discovery is subject to the following restrictions:

1. Except when being actively examined for the purpose of the preparation of the defense, all discovery containing Confidential Information produced by the United States shall be maintained in an physical or electronic location that is accessible only to defense counsel or other attorneys and employees of defense counsel's law office. Defense counsel shall not permit any person access of any kind to the discovery except as set forth below.

2. The following individuals may examine the discovery containing Confidential Information for the purpose of preparing the defense:

    (a) Counsel for each Defendant, and any other attorneys, paralegals, or investigators in counsel's law office (the "defense team");

    (b) Each Defendant, but only in the presence of said Defendant's counsel; and

    (c) Any outside expert retained by the defense to analyze the discovery in this matter.

3. The defense team may provide discovery containing Confidential Information to the defendants for review outside of the presence of the defense team only if all Confidential Information has been redacted prior to disclosure to the defendant.

4. A copy of this Order shall be maintained with the discovery at all times. Counsel will advise all members of the defense team of the limitations on use of discovery and provide them with a copy of this Order.

5. Except as provided in this Protective Order, absent further Order of this Court, documents produced in discovery may not be provided to witnesses. However, as part of preparing a defense, the defense team may show documents produced in discovery, including

documents containing Confidential Information, to witnesses.  To the extent practicable, when showing documents containing Confidential Information to witnesses, the defense team shall take efforts to limit disclosure of Confidential Information, e.g., redacting those sections of the document that do not need to be shown to a witness.  The defense team shall keep a list of witnesses to whom disclosure of Confidential Information was made and the date on which disclosure was made, which will not be made available to the United States absent a Court Order.

6. All pleadings will comply with Federal Rule of Criminal Procedure 49.1 regarding redaction of certain identifying information.  Further, all trial exhibits shall be redacted to ensure that no Confidential Information is publicly filed or displayed in court.

7. Within 30 days of the judgment and sentencing hearing(s) in this matter, or within 30 days of any other resolution of the charges, all discovery provided to defense counsel in the above-captioned matter, and all other authorized copies, if any, shall be returned to the United States.  If an appeal is noticed and the undersigned defense counsel continue to represent the Defendants on appeal, said defense counsel may continue to retain possession of all discovery according to the terms of this Order until 30 days after the conclusion of the matter in the Court of Appeals, at which point all discovery produced by the United States and any authorized copies shall be returned to counsel for the United States.  As an alternative to return of the materials

//
//
//
//
//
//
//
//
//
//

//

produced and any copies, defense counsel may instead destroy the discovery produced and any copies, and send a letter to counsel for the United States certifying that all such discovery has been destroyed in accordance with the terms of this Order.

IT IS SO STIPULATED:

DATED: August 23, 2012

          MELINDA HAAG
          United States Attorney

          _____/s/_____
          DENISE MARIE BARTON
          Assistant United States Attorney

          _____/s/_____
          CLAIRE LEARY
          Attorney for NGOC DUONG

          _____/s/_____
          DANIEL P. BLANK
          Attorney for HONG LEE WONG

## [PROPOSED] PROTECTIVE ORDER

IT IS SO ORDERED.

DATED: __8/23/12_____        _____
                                                 THE HON. SUSAN ILLSTON
                                                 United States District Judge