IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 12-0578 SI |
| Plaintiff, | **ORDER RE MOTIONS TO COMPEL DISCOVERY, REQUEST NOTICE, AND SUPPRESS EVIDENCE** |
| v. | |
| NGOC DUONG, HONG LEE WONG, | |
| Defendants. | |

On June 14, 2013, the Court heard argument on defendant Wong's motions[1] to compel discovery, to request notice from the Government pursuant to Rule 12(b)(4)(B), and to suppress evidence due to search warrant errors. The Court will address each motion in turn.

### 1. Motion to Compel Discovery

Defendant moved for the Court to compel discovery pursuant to Federal Rule of Evidence 404(b) and Federal Rule of Criminal Procedure 16(a)(1)(E), which is evidence of prior bad acts. The Government agreed that it had an obligation to produce this evidence, but the parties disputed when production should occur.

Additionally, defendant moved for the Court to compel the production of all *Giglio* materials, as well as all tangible objects, such as proffer agreements, immunity agreements, motions for immunity, or orders for immunity. The Government agreed it had an obligation to produce such material, and asserted that it would do so sufficiently in advance of trial for defendant to make effective use of that information. However, the Government objected to the Court setting a hard deadline for the production

---

[1] At oral argument, defendant Ngoc Duong joined in defendant Wong's motion.

of this information, citing multiple scheduling and procedural issues.

At the hearing, the Court set a trial date of December 9, 2013, and pretrial conference date of November 5, 2013. The Court ORDERED that the Government produce Rule 404(b) material by no later than three weeks prior to the pretrial conference.[2]

**2.     Motion Requesting Notice by the Government Pursuant to Rule 12(b)(4)(B)**

Second, defendant requested that Government provide notice of its intent to use any evidence that the defendant may be entitled to discover under Rule 16, pursuant to Federal Rule of Criminal Procedure 12(b)(4)(B).

The Government explained that an error had occurred in filing its opposition to this motion. Accordingly, to allow the parties an opportunity to fully brief this issue, the Court ORDERED that the hearing for this motion be continued until June 28, 2013.

**3.     Motion to Suppress Evidence Due to Search Warrant Errors**

Finally, defendant Wong moved to suppress the evidence seized during a search of his home because of several alleged search warrant errors.

First, Wong argued that the warrant was deficient because it failed to show a nexus between the criminal conduct alleged and the place where the items were supposed to be found. However, the Court rejected this argument, and found at the hearing that there was sufficient there was sufficient probable cause for the magistrate judge to find that evidence of the crime would be located at defendant's residence.

Second, defendant argued that the warrant should have been shown to him before the search was executed. However, as was revealed in the parties' papers and at the hearing, Wong was arrested prior to the execution of the search warrant, and the warrant, at least partially, was provided to him after the

---

[2] Although the Court did not order the Government to produce *Giglio* or tangible objects by a certain date, it noted that it would likely find production less than three weeks before the pretrial conference would not reasonably allow defendant to use the materials in pretrial motions.

2

search.[3] *See United States v. Silva*, 247 F.3d 1051, 1059 (9th Cir. 2001) (holding that the defendant could not object to the lack of presentment of a warrant if he was not present when it was executed because he was in jail). The Court found that if there was a defect in providing the warrant, it was merely a technical defect and did not require suppressing the evidence.

Finally, defendant argued that the warrant failed to accurately describe the location of the property. However, as defendants' counsel conceded at the hearing, the additional evidence provided by the Government showed that the warrant did accurately describe the location of the search. Although there was a mistake on the cover sheet of the warrant, it was corrected mid-search, and the affidavit had the correct address.

Accordingly, the Court DENIES defendant's motion to suppress the evidence seized during a search of his home.

**IT IS SO ORDERED.**

Dated: June 18, 2013

SUSAN ILLSTON
United States District Judge

---

[3] Defendant failed to provide a declaration attesting to which part or parts of the warrant were provided to him. The Court will allow defendant the opportunity to perfect the record. However, the Court does not find that it alters the outcome of the motion to suppress.

3